IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CONNIE DAMICO, et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No. 2:06-CV-1168-RDP |
| **ACE HARDWARE CORPORATION, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

The court has before it Plaintiffs' Motion to Dismiss Pursuant to FRCP 41(a)(2) in which Plaintiffs seek to dismiss without prejudice their claims against all defendants that have filed an answer to the complaint in this action (the "Answering Defendants"). (Doc. #149). According to the court's calculations, forty-seven of the defendants originally named in this action have filed answers and are, therefore, within the scope of the court's consideration of Plaintiffs' motion.[1]

Plaintiffs have represented to the court that many of the Plaintiffs will not re-file claims against the Answering Defendants, and those who may do so will not file their claims as a "mass action" with other plaintiffs as that term is defined by 28 U.S.C. § 1332. (Doc. # 149). Plaintiffs' counsel have further represented that Plaintiffs waive their rights to seek to have their claims tried jointly. (Doc. #149).

---

[1] Forty-two defendants filed answers with this court after removal of the case, while five other defendants have filed answers in state court. The remaining fifty-one defendants were dismissed, without prejudice pursuant to the July 28, 2006 Notice of Voluntary Dismissal Pursuant to Rule 41(a)(1) (Doc. # 150), and the court's August 1, 2006 Order of Dismissal. (Doc. # 151).

Based on the foregoing representations, the Answering Defendants have asserted no objection to the dismissal without prejudice of Plaintiffs' claims. However, six of those defendants[2] request that the court condition such a dismissal on all or part of the following terms: (1) any plaintiff who re-files his or her claims against any of the defendants shall not seek to have such claims tried or consolidated with the claims of another plaintiff, (Docs. # 152, 153, 154, 155); (2) any plaintiffs who re-file their claims may not file them as a "mass action" as that term is defined by 28 U.S.C. § 1332 (Docs. # 153, 154, 155); (3) if plaintiffs' counsel opts to re-file claims in state court on behalf of any of the plaintiffs who filed this action, the defendants should be awarded the attorneys' fees and costs incurred in responding to the previously-dismissed action. (Doc. # 153, 155). In response, Plaintiffs contend that "[t]here is no justifiable reason for the objecting Defendants to demand that all of the Plaintiffs be prevented from filing a new claim which is consolidated or coordinated with one or more other plaintiffs, whether a plaintiff herein or not, for any reason." (Doc. # 157, at 2). Moreover, Plaintiffs "object to any attempt to sanction them as a result of filing their motion to dismiss by requiring them to pay defense costs to any of the Defendants." (Doc. # 157, at 3).

Federal Rule of Civil Procedure 41(a)(2) provides that when a plaintiff seeks dismissal without prejudice of claims against a defendant who has already filed an answer or moved for summary judgment, the "action shall not be dismissed at the plaintiff's instance save upon order of the court and **upon such terms and conditions as the court deems proper**." Fed. R. Civ. P. 41(a)(2)(emphasis added). The court has reviewed the parties' briefs on the issue and concludes that

---

[2] Those defendants are: The Budd Company (Doc. # 155); Dwyer Instruments, Inc. (Doc. # 154); Rockwell Automation, Inc. (Doc. # 153); Reliance Electric Company, Inc., (Doc. # 153); Pneumo Abex, LLC, (Doc. # 152); and Engelhard Corporation (Doc. # 152).

certain terms and conditions should apply to Plaintiffs' dismissal.[3]  Accordingly, the court will enter a separate order consistent with this memorandum opinion dismissing this action without prejudice as to the remaining defendants based upon the following conditions and terms: (1) the Plaintiffs jointly have waived any right to have their cases "tried jointly" with each other; and (2) any Plaintiffs who re-file their claims shall not file them as a "mass action" as that term is defined by 28 U.S.C. § 1332.

**DONE** and **ORDERED** this        8th        day of August, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] The court does not believe it appropriate to sanction Plaintiff's counsel if some of these claims are re-filed.  Moreover, the court concludes it would be inappropriate to preclude each and every Plaintiff from ever pursuing an action that is joined or consolidated with even one other Plaintiff.  The court believes that if any such action is filed, or if a motion to consolidate any such action occurs, the judge presiding over that action will be best equipped to decide the propriety of joinder or consolidation.